Ross County Common Pleas Court.

STATE OF OHIO *v.* LEWIS.

Decided ———, 1929.

*Howard Goldsberry,* prosecuting attorney.

*Garrett S. Claypool* and *John P. Phillips, Jr.,* for defendant.

YAPLE, J.

In this case seven different indictments were returned by the grand jury of this county at the October term, 1929, charging the defendant with the forgery, and uttering of various checks, and the forging and falsification of various time cards, pay rolls, etc. The defendant has been arraigned and entered a plea of "not guilty," and the cases against her were about to be set for trial.

Under favor of Section 11552, the defendant by her counsel filed a written demand upon the prosecuting attorney for permission to inspect and take a copy of the various checks, time cards, pay rolls set up in the indict-

ments or pertaining thereto, which demand was refused by the prosecuting attorney, and thereupon, the defendant after four days refusal of the prosecuting attorney, filed a motion to the court asking for an order upon the prosecuting attorney and the state of Ohio to permit the defendant and her counsel and such witnesses as she might desire to do so, to inspect and copy the documents particularly described and set forth in the written demand which had previously been made on the prosecuting attorney.

Notice of the making of this motion was duly served on the prosecuting attorney, and the motion for such order came on for hearing before the court, and it appeared on such hearing that demand in writing had been duly made and served on the prosecuting attorney by the defendant through her counsel for inspection and permission to take a copy of the various checks, time cards and payrolls which were the subject of the indictments, and which the defendant was charged with having forged, uttered and made, and the various records pertaining thereto, and that such demand had been refused, and that such refusal had continued for four days, and thereupon an application for an order from the court directing the prosecuting attorney to comply with such order had been made.

The prosecuting attorney strenuously insisted that there was no right uner the statutes of Ohio authorizing the defendant to make any such demand, and that it was proper for the prosecuting attorney to refuse such demand if and when made, and that the court had no right or authority to order the prosecuting attorney to comply therewith. It was not questioned or disputed but that the checks, time cards and payrolls were in the custody and possession of the prosecuting attorney.

The court on the hearing of the application for the order above indicated, granted the application and ordered the prosecuting attorney to permit counsel for the defendant and such witnesses as she desired to inspect and take a copy of the documents described in the written demand that had been made on the prosecuting attorney, such inspection and taking of copies to be at the office of the

prosecuting attorney and said documents not to be removed from his office.

A motion to set aside this order and for rehearing were filed and came on for hearing. The state contended that under the authority of the case of *State* v. *Yeoman,* 112 O. S., 214, the application on the part of the defendant should have been overruled. In that case demand was made by the defendant, who had been indicted for murder, upon the prosecuting attorney for an inspection and permission to take a copy of a certain paper writing purporting to be signed by the defendant and to be a confession made by the defendant, and the Supreme Court in the *Yeoman case* held that this application under the law as it then stood was properly refused by the prosecuting attorney. At that time the only section of the criminal code relating to such matters was Section 13664 of the General Code which provided that the code of civil procedure relative to compelling the attendance and testimony of witnesses, their examination, the administering of oaths and affirmations and proceedings for contempt to enforce the remedies, and protect the rights of parties, shall extend to criminal cases so far as applicable. Since the *Yeoman case* was decided, the new criminal code of Ohio which went into effect July 21, 1929, has been enacted and of which Section 13444-1 is as follows:

"The rules of evidence in civil causes insofar as the same are applicable, shall govern in all criminal cases, except as otherwise provided in this code."

Under Section 13664, the applicability of the various parts of the code of civil procedure made applicable to criminal cases were specifically defined and set out, and in the *Yeoman case* the Supreme Court held that the right of a defendant in a criminal case to make a demand on the prosecuting attorney for permission to inspect and take a copy of an alleged written confession purporting to be signed by the defendant did not fall within any of the enumerated parts of the civil code made applicable to criminal cases, by Section 13664.

Under Section 13444-1 the rules of evidence in civil cases were broadly and inclusively made applicable to criminal causes except as otherwise provided in the code.

Section 11552 of the General Code is one of the sections under the head of "Evidence" in the General Code. Section 13664 was repealed on the passage of the new criminal code of this state, leaving Section 13444-1 the section pertaining to the matter at this time.

The *Yeoman case,* 112 O. S., 214 has been rendered inapplicable by the subsequent passage and enactment of Section 13444-1 and the repeal of Section 13664.

No good reason is perceived why the beneficient rules established by Section 11664 should be limited to civil actions involving property only, and denied to those accused of crime in which the liberty and reputation of the accused are in jeopardy. If it is right and proper to compel disclosure and inspection and furnish copies of writings or permission to take copies in civil cases, as is provided by Sections 11551 to Section 11556 of the Civil Code, there would seem to be equal if not stronger reasons for applying so humane and just rules of procedure, as these sections provide, to criminal cases in which the most valued things in life are involved. The construction I am placing on Section 13444-1 is in line with the whole tendency of legislation and the decisions of our higher courts in simplyfying litigation and to give parties full and fair opportunity to present to juries and courts all the evidence they can as to the facts in dispute. In this case the defendant stands accused of the forgery of certain papers. She seeks an order permitting an inspection of such papers by herself and her counsel and by any witnesses she may wish to offer on the trial of the case. Would it be unfair or unjust to the state that she be given the opportunity to inspect the papers and other documentary evidence pertaining thereto, which, it is admitted, are in the custody and possession of the state, and which are to be introduced in evidence against her on the trial of the case?

By her plea of "not guilty" the defendant denies that

she forged, falsified and uttered the papers and documents as charged by the state, and is she to be denied permission to see the papers she is accused of forging and falsifying until they are produced and offered in evidence against her on the trial of the charges when she would not have time and opportunity to have such papers examined by witnesses and then to call such witnesses in her behalf? The whole purpose of giving the defendant the right to see the papers she is accused of forging and falsifying is to enable her to prepare her defense to the charge of the state and to place the state and defendant on an equal footing so far as their preparation for trial is concerned. In order that there may not be even a suspicion that any advantage be taken by the defendant when making inspection and copies of the papers and writings on which are based the charges of forgery and falsifying against her, the order will be that such inspection and copying must be in the office of the prosecuting attorney, and such papers and writings not be taken from his custody except with his consent. It being admitted that defendant has duly demanded permission to inspect and take copies of the documents set out and described in her written demand on the prosecuting attorney so to do, and that such documents are the bases of the crimes charged in the indictments against the defendant, or appertaining thereto, and no good cause why the defendant should not be accorded the privilege of inspecting such documents in person and by counsel and any witnesses she may wish to call in her defense being shown, it is ordered that the defendant, her counsel and any witnesses she may desire to call on trial of the indictments against her, be permitted to inspect and take copies of such documents at the office of the prosecuting attorney.